UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

OTIS R. ELION,

    Petitioner,

       v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 17-cv-892-JPG

Criminal No 06-cr-40061-JPG &
16-cr-40046-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Otis R. Elion's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). On January 11, 2017, the petitioner pled guilty to three counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) in Case No. 16-cr-40046-JPG and admitted to allegations supporting a supervised release revocation in Case No. 06-cr-40061-JPG based on the same conduct. The Court sentenced the petitioner to serve 167 months in prison in Case No. 16-cr-40046-JPG and 33 months in Case No. 06-cr-40061-JPG. Contrary to Elion's assertions in his filings, both judgments are currently on appeal (App. Case Nos. 17-2012 & 17-2020).

Because Elion's criminal judgments are still on appeal, the Court will dismiss this case without prejudice as premature. Section 2255(a) states that a prisoner in federal custody "may move the court which imposed the sentence to vacate, set aside or correct the sentence." The statute places no time restriction on how early a convicted defendant may file a § 2255 motion. However, it is well-established that, while there is no *jurisdictional* bar to a district court's consideration of a § 2255 motion while the associated criminal case is on direct appeal, *DeRango v. United States*, 864 F.2d 520, 522 (7th Cir. 1988), the district court should refrain from exercising that jurisdiction unless there are extraordinary circumstances, *United States v. Robinson*, 8 F.3d

398, 405 (7th Cir. 1993).   This is because the disposition of the appeal may render the § 2255

motion moot.   *Id.*   In deciding whether to exercise jurisdiction over a § 2255 motion while an

appeal is pending, courts should balance the need for speedy relief against the need to economize

on judicial resources.   *Id.*

Elion has not pointed to any extraordinary circumstances that would justify considering

this § 2255 motion while his underlying criminal judgments are still on appeal.   Accordingly, the

Court **DENIES without prejudice** Elion's § 2255 motion (Doc. 1) and **DIRECTS** the Clerk of

Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   August 28, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**